UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) <br> ex rel. DAVID LEE BERNAT, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> THE BOEING COMPANY, INC., et al., ) <br>  ) <br> Defendants. ) | Case No. 4:09 CV 517 RWS |

## MEMORANDUM AND ORDER

Relator David L. Bernat filed a Complaint asserting claims for monetary damages and civil penalties under the Federal False Claims Act, 31 U.S.C. § 3729 et seq. against Defendants The Boeing Company and Brek Manufacturing Company. Defendants both move to dismiss Bernat's Complaint with prejudice, alleging he failed to satisfy the False Claims Act's filing requirements under 31 U.S.C. § 3730(b)(2). For the reasons stated below, I will deny Defendants' Motions.

**I.    Background**

Plaintiff Bernat filed the instant *qui tam* lawsuit under the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(1). Bernat alleges The Boeing Company ("Boeing") and its subcontractor, Brek Manufacturing Company ("Brek") violated the FCA, Truth in Negotiating Act ("TINA"), and the Federal Acquisition Regulation, 48 C.F.R, in connection with Boeing's production of C-17 aircraft. On June 6, 2011 the United States declined to intervene in this case [#19].

Defendants move to dismiss Bernat's complaint under 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. Defendants argue Bernat's Complaint

must be dismissed because he failed to comply with the FCA's filing requirements.  The United States filed a Statement of Interest [#43] opposing dismissal of Bernat's case.

Bernat initiated this case by filing a Motion to File Complaint *in Camera* and Maintain Under Seal [#1] on April 1, 2009.  The parties agree that the Motion and case caption were publically available on the CM/ECF and PACER systems for at least 12 hours after Bernat electronically filed the Motion.  At least one of the Defendants learned of Bernat's case by viewing publically available information. The Notice of Electronic Filing on CM/ECF indicates this case was sealed on April 2, 2009 at 2:21 p.m.  While the docket sheet attributes a filing date of April 1, 2009 to the Complaint, the Notice of Electronic Filing indicates the Complaint was entered into CM/ECF on April 2, 2009 at 2:29 p.m., after the case was sealed.

## II.     Legal Standard

The purpose of a Federal Rule of Civil Procedure 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990). Rule 12(b)(1) requires me to dismiss a claim if I lack subject matter jurisdiction over the claim.

In ruling on a motion to dismiss under Rule 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**III.    Discussion**

31 U.S.C. § 3730(b) sets out the procedure for filing a civil action alleging a violation of Section 3718 of the FSA.  "A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure.  *The complaint shall be filed in camera, shall remain under seal for at least 60 days*, and shall not be served on the defendant until the court so orders."  31 U.S.C. § 3730(b)(2) (emphasis added).

Defendants argue Bernat's Complaint should be dismissed for lack of subject matter jurisdiction because Bernat failed to comply with Section 3730(b)'s filing requirements.  Alternatively, Defendants argue Bernat's alleged violation of Section 3730(b) divests him of *qui tam* status, and as a result, his Complaint should be dismissed.  Finally, Defendants argue that if I do not conclude that Section 3730(b)'s filing requirements are jurisdictional, do not find that Bernat is without *qui tam* status, I should apply a balancing test to conclude that dismissal with prejudice is an appropriate sanction for Bernat's alleged violation.

On April 1, 2009, Bernat electronically opened a file via the Court's CM/ECF system and filed a Motion to Seal Case [#1].  The Notice of Electronic Filing on CM/ECF indicates the Motion was filed at 5:51 p.m.  The Notice of Electronic Filing indicates this case was sealed on April 2, 2009 at 2:21 p.m.  While Bernat's Complaint has a filing date of April 1, 2009 on the Docket Sheet, the Notice of Electronic Filing indicates the Complaint was entered into CM/ECF on April 2, 2009 at 2:29 p.m.  This sequence of events demonstrates that the Complaint in this case was filed after the case was sealed.

Section 3730(b) requires the complaint in this type of case to be filed under seal and

remain under seal for 60 days.  The parties agree that the case caption and Bernat's Motion to Seal was available for approximately twelve hours on CM/ECF and PACER.  However, the statute specifically indicates Bernat's *Complaint* must be filed under seal.  As demonstrated above, the Complaint in this case was filed after the case was sealed.  The CM/ECF Notices of Electronic Filing described above demonstrate that the Complaint was entered into CM/ECF after the case was sealed.  As a result, Defendants have failed to establish that Bernat violated Section 3730(b).  I will not reach the merits of Defendant's argument that the filing requirements are jurisdictional in nature or whether dismissal is an appropriate sanction for a relator's failure to comply with  Section 3730(b)'s filing requirements.

Defendants also argue that Bernat failed to initiate this case pursuant to Administrative Procedures for Case Management/Electronic Case Filing for this District ("CM/ECF Procedures") (*available at* http://www.moed2.uscourts.gov/cmecf/cmecf_adminprocedures.pdf).  The CM/ECF Procedures indicate "[a]ll Qui Tam complaints must be filed in paper format via mail or in person."  CM/ECF Procedures at 15.  Bernat acknowledges that he did not file his Complaint in paper format.  However, the CM/ECF Procedures indicate "any judge of this Court may deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the Court." Id. at 2.  I expect for the parties to strictly comply with the Rules of Civil Procedure and the CM/ECF Procedures.  Bernat's attempt to attribute his failure to file his complaint as required by the CM/ECF Procedures based on the advice of the Clerk's Office is unpersuasive.

The dismissal remedy sought by Defendants is exceedingly harsh under the facts of this

case.  Bernat's Complaint was filed after the case was sealed.  While Defendants did become aware of the case due to the Motion to Seal Case being filed electronically, Defendants have failed to establish any resulting prejudice.  Finally, the United States has indicated that it was not prejudiced by Bernat's method of filing in this case.  As a result, I will exercise my discretion to grant Bernat leave to file to deviate from the CM/ECF Procedure's requirement that he file his complaint in paper format.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant The Boeing Company's Motion to Dismiss [#36] and Defendant Brek Manufacturing Company's Motion to Dismiss [#39] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2011.